S. S. KRESGE CO., INC. *v.* UNITED STATES

**No. 5814.**—Invoice dated Sonneberg, Germany, November 25, 1935.
Entered at New York, N. Y., December 9, 1935.
Entry No. 771168.

(Decided February 11, 1943)

*Sharretts & Hillis* (*Arthur L. Tallman* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: This appeal to reappraisement involves the proper dutiable value of certain glass animals or novelties exported from Germany and imported at the port of New York.

The case has been submitted for decision on a stipulation entered into by and between counsel for the respective parties, wherein it is agreed, in substance, as follows:

(1) That the glass animals or novelties in question were exported from Germany during November 1935.

(2) That the instant merchandise is similar in all material respects to that which was the subject of the decision in the case of *F. W. Woolworth Co. et al.* v. *United States* (Reap. Dec. 5094).

(3) That the market conditions existing on the date of exportation of the articles in question were similar, if not identical, to the conditions found to be prevailing in the foreign market as described in the *Woolworth Co.* case, *supra*.

(4) That the record in the *Woolworth Co.* case, *supra*, may be incorporated in and made a part of the record in the present case.

On the agreed facts, as hereinabove set forth, I find that on the date of exportation of the instant merchandise, glass animals or novelties, such as and similar to those involved herein, were freely offered for

sale to all purchasers in the principal market of the country of exportation, to wit, the Sonneberg-Lauscha district of Germany, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States.

Accordingly, I hold as matter of law, that the proper dutiable export values of the glass animals or novelties exported during November 1935, are the *per se* unit invoice prices, plus, when not included in such *per se* unit invoice prices, the costs of cases and packing and the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, as invoiced, whenever reported as dutiable by the appraiser.

The appeal having been abandoned insofar as it relates to all other merchandise, to that extent the appeal is hereby dismissed.

Judgment will be rendered accordingly.